# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DONNIE YINGER, | * | No. 25-555V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: December 23, 2025 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Rachelle Bishop, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On December 21, 2025, the parties filed a joint stipulation concerning the petition for compensation filed by Donnie Yinger on March 28, 2025. Petitioner alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on October 23, 2021 which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer a left radial nerve palsy. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that the flu vaccine caused petitioner to develop a left radial nerve palsy, and further denies that the vaccine caused him to suffer any other injury or condition, or that his condition is a sequelae of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto. The

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

1

undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $7,349.32, which amount represents reimbursement for a Medicaid lien for services rendered to petitioner by New York State, in the form of a check payable jointly to petitioner and**

**New York State Department of Health
P.O. Box 415874
Boston, MA 02241-5874**

**Petitioner agrees to endorse this check to the New York State Department of Health.**

b. **A lump sum of $57,500.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DONNIE YINGER,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | No. 25-555V<br>Special Master Moran<br>ECF |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Donnie Yinger ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a Tdap vaccine on October 23, 2021.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered a left radial nerve palsy as a result of his October 23, 2021 Tdap vaccination. He further alleges that he experienced the residual effects of his condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his alleged injury.

6. Respondent denies that the Tdap vaccine caused petitioner to develop a left radial

1

nerve palsy, any other injury or condition, or that petitioner's current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $7,349.32, which amount represents reimbursement for a Medicaid lien for services rendered to petitioner by New York State, in the form of a check payable jointly to petitioner and

   > New York State Department of Health
   > P.O. Box 415874
   > Boston, MA 02241-5874

   Petitioner agrees to endorse this check to the New York State Department of Health.

   b. A lump sum of $57,500.00, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

   These amounts represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to

2

this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 *et seq.*)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on October 23, 2021, as alleged in a petition for vaccine compensation filed on March 28, 2025, in the United States

Court of Federal Claims as petition No. 25-555V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged injury or any other injury or his current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Donnie Yinger*

DONNIE YINGER

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Maximillian J. Muller*

MAXIMILLIAN J. MULLER
MULLER BRAZIL
715 Twining Road, Suite 208
Dresher, PA 19025
Tel: (215) 885-1655
E-mail: max@mullerbrazil.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.11.21 11:53:13 -05'00'
for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

Dated: 12/19/25

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Rachelle P. Bishop*

RACHELLE P. BISHOP
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3662
E-mail: Rachelle.P.Bishop@usdoj.gov