# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
DONNIE YINGER,                    *
                                  *    No. 25-555V
              Petitioner,         *    Special Master Christian J. Moran
                                  *
v.                                *    Filed:  June 10, 2026
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
* * * * * * * * * * * * * * * * * * * * *
```

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner;
Rachelle Bishop, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Donnie Yinger's motion for final attorneys' fees and costs. She is awarded **$21,070.38**.

## I.    Procedural History

On March 28, 2025, Mr. Donnie Yinger ("petitioner") filed a petition for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on October 23, 2021, caused him to suffer a left

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

radial nerve palsy. Petition ("Pet."), filed March 28, 2025. On December 21, 2025, the parties filed a joint stipulation which the undersigned adopted as his decision on December 23, 2025. 2025 WL 4072440.

On April 24, 2026, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees in the amount of $19,184.70, and attorneys' costs in the amount of $2,118.68 (including $573.43 in costs incurred by his current counsel, and $1,545.25 in costs incurred by his former counsel), for a total request of $21,303.38. Fees App. at 14, 16. Additionally, counsel represents that petitioner did not personally incur costs related to the prosecution of this case. Fees App. at 2. On May 8, 2026, respondent responded to petitioner's motion stating that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case." Response at 1. Respondent adds, however that his "lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id. at 1. Petitioner did not file a reply thereafter.

## II.    Reasonable Amount of Attorneys' Fees and Costs

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

2

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of Mr. Maximillian Muller: $425.00 per hour for work performed in 2023, $450.00 per hour for work performed in 2024, $475.00 per hour for work performed in 2025, and $500.00 per hour for work performed in 2026.  See Fees App. at 1-2, Fees App. Ex. A. Petitioner also requests between $140.00-$190.00 per hour for paralegal work performed from 2023-2026. See id. The hourly rates requested by Mr. Muller and his supporting paralegals for all time billed through the end of 2026 are reasonable and consistent with our prior determinations and shall be awarded. See, e.g., Marshall v. Sec'y of Health & Hum. Servs., No. 21-1445V, 2024 WL 3407635 (Fed. Cl. Spec. Mstr. June 11, 2024); Wadhwa v. Sec'y of Health & Hum. Servs., No. 23-747V, 2025 WL 1483353 (Fed. Cl. Spec. Mstr. April 21, 2025); Sheffler v. Sec'y of Health & Hum. Servs., No. 25-449V, 2026 WL 1008132 (Fed. Cl. Spec. Mstr. March 10, 2026).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, a minor reduction to the fees award is necessary for administrative charges that appear throughout the billing records, such as, bate-stamping and e-filing documents. See e.g., Ex. A at 9-14. It is well known in the Vaccine Program that billing for administrative work is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly

3

rate reflects overhead expenses, such as employing a secretary. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989); <u>Bennett v. Dep't of Navy</u>, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); <u>Guy v. Sec'y of Health & Human Servs.</u>, 38 Fed. Cl. 403, 407-08 (1997). To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as bate-stamping and filing documents, are essential. But they do not require any special training and are thus considered clerical in nature. However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead. <u>See</u> <u>Pickens v. Sec'y of Health & Hum. Servs.</u>, No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed"). Accordingly, I deny reimbursement of such administrative charges. This results in a reduction of **$233.00.**

Therefore, petitioner is awarded final attorneys' fees in the amount of **$18,951.70.**

### C.      Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests attorneys' costs for his current counsel in the amount of $573.43, and attorneys' costs incurred by his former counsel in the amount of $1,545.25, for a total request of $2,118.68 in costs. <u>See</u> Fees App. at 1; <u>see also</u> Fees App. Ex. B at 1, Fees App. Ex. C. at 1. Attorneys' costs for current counsel are comprised of acquiring medical records, postage, and the Court's filing fee. <u>See</u> <u>Fees App</u>. Ex. B at 1. Attorneys' costs for former counsel are comprised of acquiring medical records and review. <u>See</u> <u>Fees App</u>. Ex. C at 1. The undersigned has reviewed all of the costs and finds them to be reasonable. Respondent did not object to the costs sought.

Petitioner is therefore awarded final attorneys' costs of **$2,118.68.**

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$21,070.38** (representing $18,951.70 in attorneys' fees and $2,118.68 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.